UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IFA AND INSURANCE SERVICES, INC., RETIRING AMERICA, INC., <br><br>Plaintiffs, <br><br>vs. <br><br>CONSECO MARKETING, LLC, DOES 1 THROUGH 25, <br><br>Defendants. | No. 1:13-cv-00123-SEB-MJD |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendant Conseco Marketing, LLC's ("Defendant") Motion to Dismiss. [Dkt. 8.] For the following reasons, the Magistrate Judge recommends that the district judge **GRANT** Defendant's motion.

### I. Background

This matter involves claims brought by IFA and Insurance Services, Inc. and Retiring America, Inc. ("Plaintiffs") alleging breach of contract and multiple claims of fraud and deceit. [Dkt. 1.] In February of 2009, Plaintiffs entered into a Sales Representative Agreement ("Agreement") with the Defendant involving the sale of insurance products. [Dkt. 9-4 at 2-3.] Two months later, in April of 2009, the parties reached an oral agreement regarding the sales and recruiting relationship between the parties, specifying sales commissions, bonuses, and contract levels, which was memorialized in writing as a "Letter of Understanding." [Dkt. 1 at 2; dkt. 9-10.] Initially, the Defendant paid Plaintiffs and their agents upon the submission of a policy

rather than upon the issuance of a policy. [Dkt. 9-4 at 3.] The Defendant attempted to correct this advancing error, but, upon Plaintiffs' insistence, the Defendant Continued to advance commissions to Plaintiffs and its agents, creating a substantial amount of debt owed by Plaintiffs to the Defendant. [*Id.*]

To recover this debt, in August of 2010 the Defendant filed an action in Indiana state court against the Plaintiffs alleging breach of contract. [*Id.* at 1.] The state court, in December of 2010, found that the Plaintiffs, having been properly served and having made no response to the Defendant's complaint, were eligible for entry of default judgment. [*Id.*] Accordingly, the state court found that Plaintiffs were indebted to the Defendant in the amount of over $650,000 plus costs and reasonable attorney fees, for failing to pay the Defendant the unearned compensation paid to the Plaintiffs and their agents for insurance policies that were submitted but never issued. [*Id.* at 6-7.][1] In March of 2013, Plaintiffs filed their claim against the Defendant with this Court, alleging breach of contract and fraud for failing to make available the insurance products and services promised at the volume promised, pursuant to the Letter of Understanding between the parties and making no mention of the Agreement. [Dkt. 1.] The Defendant now seeks dismissal of this matter under the *Rooker-Feldman* doctrine, asserting lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II.  Standard of Review

The *Rooker-Feldman* doctrine draws its origins from two US Supreme Court cases: (1) *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and (2) *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 464 (1983). Expounding upon 28 U.S.C. § 1257, the *Rooker-Feldman* doctrine

---

[1] The Defendant then applied for entry of judgment on sister-state judgment in California, which was granted in February of 2011. [Dkt. 9-7.] Plaintiffs moved to set aside the default and vacate the sister-state judgment, but this motion was denied in November of 2012. [Dkt. 9-8.] While the California case is still purportedly on appeal, the Indiana entry of judgment is final, and Plaintiffs admit that "the California appeal has nothing to do with the merits of the Indiana Judgment." [Dkt. 14 at 6.]

clarifies that, because the US Supreme Court has exclusive original jurisdiction over state court judgments, a federal district court does not have subject-matter jurisdiction over a claim that asks the court to review a state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). As with any Rule 12(b)(1) motion to dismiss, the burden is on the plaintiffs to prove, by a preponderance of the evidence, that the court has subject-matter jurisdiction over their complaint. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

### III.  Discussion

The US Supreme Court recently clarified the scope of the *Rooker-Feldman* doctrine. As of 2005, *Rooker-Feldman* "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). While the *Rooker-Feldman* doctrine had previously been "applied expansively" by lower courts, the US Supreme Court emphasized that the doctrine cannot be used to "prevent a losing litigant from presenting an independent claim to a district court." *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (citing to *Exxon Mobil Corp.*, 544 U.S. at 283, 293).

The Seventh Circuit recognizes *Rooker-Feldman* in two instances: "The first involves a plaintiff's request of a federal district court to overturn an adverse state court judgment. The second, and more difficult instance, involves federal claims that were not raised in state court or do not on their face require review of a state court's decision." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012). When the federal case does not challenge the state-court judgment on its face, the court must determine whether the federal claim is "inextricably intertwined" with the

state-court judgment. *Id.* In order to determine whether a federal claim is so inextricably intertwined, the court must ask "whether the district court is in essence being called upon to review the state-court decision." *Id.* (quoting *Taylor v.Fed. Nat'l Mortg. Asson.*, 374 F.3d 529 (7th Cir. 2004)). Once the court finds that the federal claim is inextricably intertwined with the state-court judgment, the court must finally inquire whether the federal court plaintiff had "a reasonable opportunity to raise the issue in state court proceedings." *Id.* (quoting *Brokaw v. Weaver*, 305 F.3d 660 (7th Cir. 2002).

Here, Plaintiffs do not argue that there is a default judgment against them, which was originally entered by an Indiana state court. [Dkt. 14 at 2.] By definition, a party is a state-court loser, as discussed in *Exxon Mobil*, when there is a default judgment against it that is final. The fact that the sister-state judgment is on appeal does not change the fact that the Indiana state court's default judgment against Plaintiffs was final. Therefore, the Plaintiffs in this matter are state-court losers, and the Court must determine whether Plaintiffs are asking the court to review the state court judgment.

On its face, it may seem as though Plaintiffs' Complaint does not ask the court to review the state-court judgment. In fact, Plaintiffs note that the parties' "history in Indiana and California state courts [are] absent from the Complaint." [Dkt. 14 at 1.] The Seventh Circuit has clearly established, however, that a plaintiff cannot avoid the *Rooker-Feldman* doctrine by "carefully craft[ing] their argument" so as to avoid addressing the relevant state court judgment. *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 604 (7th Cir. 2008). In this matter, Plaintiffs complain that the Defendant breached the parties' insurance sales agreement, with the intent to deceive Plaintiffs, in an amount to be proven at trial, allegedly over $5 million. [Dkt. 1.] Meanwhile, the state court judgment found that Plaintiffs, not the Defendant, were in breach of

the parties' insurance sales agreement in the amount of over $650,000 plus costs and reasonable fees, such as attorney fees and interest. [Dkt. 9-6 at 2, 5-6.] At the hearing on this motion, Plaintiffs' claimed that the Letter of Understanding is a "brand-new contract" in which Defendant was "offering a completely new product."

Plaintiffs' argument in that regard does not hold water. At most, the Court finds the Letter of Understanding to be a modification of the Agreement between the parties regarding their insurance sales. Although the Letter of Understanding perhaps illustrates a more personalized payment structure than was reflected in the original sales Agreement, the underlying contract remains the same: Plaintiffs agree to sell insurance, and the Defendant agrees to pay them in return. [Dkt. 9-2 at 7-22, dkt. 9-10.] Having found that the Letter of Understanding is not an independent Contract, it would be impossible for the Court to determine that the Defendant breached the parties' agreement without making a finding contrary to the state court's decision, which found that the Plaintiffs were in breach of the parties' agreement. In essence, Plaintiffs are requesting that this Court review the Indiana state-court judgment, and so the Court finds that the federal claim is inextricably intertwined with the state-court judgment.

Finally, the court must determine whether the Plaintiffs had a reasonable opportunity to raise their arguments in the state-court proceedings. Because the state-court judgment here is a default judgment, the Plaintiffs were plainly not present at the state-court proceedings. However, the Plaintiffs were properly summoned, and Plaintiffs' counsel, at the hearing on this matter, admitted that his clients "hired an agent for service, and apparently the agent for service dropped the ball." Just because a plaintiff was not physically present at the state-court proceedings does not mean that such a plaintiff did not have a reasonable opportunity to raise his arguments in state court. *See Lucas v. JP Morgan Chase Bank, N.A.*, 2:12-CV-349-TLS, 2013 WL 951195

(N.D. Ind. Mar. 11, 2013) (dismissing plaintiffs claim where the federal claim was inextricably intertwined with the state court's default judgment against her).

Accordingly, the Court finds that Plaintiffs are essentially asking the Court to review a state-court judgment against them, and the Plaintiffs had a reasonable opportunity to raise their inextricably intertwined arguments in state court. Having failed to do so, the Plaintiffs, as state-court losers, are barred from bringing their claim in federal court under the *Rooker-Feldman* doctrine. Therefore, the Court should **grant** the Defendant's motion to dismiss.

## IV. Conclusion

For the aforementioned reasons, the Court should **GRANT** Defendant's Motion to Dismiss. [Dkt. 8.] Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen (14) days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 10/29/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Steven Kenneth Huffer
S.K. HUFFER & ASSOCIATES, P.C.
steveh@hufferlaw.com

Kenneth Dale Sisco
SISCO & NARAMORE
skend1@yahoo.com