UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IFA AND INSURANCE SERVICES, INC. a California corporation, RETIRING AMERICA, INC. a California corporation, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No. 1:13-cv-00123-SEB-MJD<br>) |
| CONSECO MARKETING, LLC an Indiana Limited Liability Company, DOES 1 THROUGH 25, | )<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND ADOPTING SAME ON WHICH FINAL JUDGMENT SHALL NOW ENTER

The March 14, 2013, motion to dismiss filed by Defendants Conseco Marketing, LLC., Does 1 Through 25 ("Conseco") [Dkt. 8] challenging the Complaint filed by Plaintiff IFA and Insurance Services, Inc., Retiring American, Inc., ("IFA") was referred to the assigned Magistrate Judge pursuant to Rule 72(b) and 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's Report and Recommendation was issued on October 29, 2013 [Dkt. 25] and Plaintiffs' Objection was timely filed on November 12, 2013 [Dkt. 26] Plaintiffs' objection is now before the Court. Our review is *de novo*.

Plaintiffs object to the Magistrate Judge's analysis and conclusion clearly explicated in the Report and Recommendation holding that Plaintiffs' claims are "inextricably intertwined" with the judgment previously entered by the Hamilton Circuit Court and thus barred by the *Rooker-Feldman* doctrine. As such, the Magistrate Judge concluded, the Court lacks subject matter jurisdiction of this suit under Rule 12(b)(1).

Plaintiffs contend that the claims in this case are distinguishable from the Hamilton (Indiana) Circuit Court case because they arise under a Letter of Understanding, rather than the original contractual agreement between the parties, which was the basis of the state court adjudication. Plaintiffs further contend that Defendants' motion to dismiss should have been treated by the Magistrate Judge as a Rule 12(b)(6)

1

motion, rather than as a Rule 12(b)(1) factual challenge to this court's subject-matter jurisdiction based on the *Rooker-Feldman* doctrine. Had the motion been deemed a Rule 12(b)(6) issue, Plaintiffs maintain they would have been allowed to conduct discovery to prove that the two agreements between the parties were/are not the same.

IFA's Complaint omits any mention the prior Agreement between the parties which IFA was found to have breached, thus obligating it to pay substantial damages to Conseco. The Magistrate Judge, in order to determine whether the Court had subject matter jurisdiction over IFA's Complaint under the *Rooker-Feldman* doctrine, necessarily reviewed both the prior judgment and the underlying Agreement, whose view conflicted with Plaintiffs' argument opposing the Motion to Dismiss, namely, that "the Letter of Understanding was a 'brand new contract'. This assertion by Plaintiff, as the Magistrate Judge put it, did not 'hold water.'" (R&R, page 5) The Magistrate Judge wrote:

> At most, the Court finds the Letter of Understanding to be a modification of the Agreement between the parties regarding their insurance sales. Although the Letter of Understanding perhaps illustrates a more personalized payment structure than was reflected in the original sales Agreement, the underlying contract remains the same: Plaintiffs agree to sell insurance, and the Defendant(s) agree() to pay them in return.

In this second Complaint, Plaintiffs claim that Conseco breached the parties' insurance sales agreement with intent to deceive Plaintiffs for which injury they seek damages in excess of $5 million. However, the state court judgment ruled that Plaintiffs, not Defendants, were in breach of their agreement resulting in damages exceeding $650,000. It would be impossible to sort out the entitlements and issues in the Letter of Understanding without re-examining the issues and claims in the prior Indiana judgment. This is a classic *Rooker-Feldman* situation and, following those dictates, we decline to exercise subject matter jurisdiction since the issues are inextricably intertwined.

IFA acknowledges in its Objections that "Conseco has a Judgment," but argues that that Judgment "has very little to do with the issues set forth in the Complaint." In phrasing its position this way, IFA concedes that the prior judgment has at least something to do with the issues they have raised in the Complaint. No matter how that nexus between the two actions is specifically characterized or quantified, that connection establishes that the respective claims are, indeed, to some extent "inextricably intertwined."

Plaintiffs have the burden of persuasion in establishing that the Court has subject-matter jurisdiction, which it must show by a preponderance of the evidence. In making such a determination, the Court is obligated to consider all the relevant evidence in the the record before it.     In re Safeco Ins. Co. of America, 585 F. 3d 328, 329 (7th Cir. 2009); Meridian Sec. Ins.Co. v. Sadowski, 441 F.3d 536, 540 (7th Cir. 2006). Plaintiffs have failed to establishe subject matter jurisdiction here by a preponderance of the evidence.

Upon careful, *de novo* review, we are convinced of the correctness of the Magistrate Judge's recommended disposition. His finding that the Letter of Understanding is not a separate, new contract vis-a-vis the prior contract is sound: both agreements cover the same wet of mutual obligations – IFA agreed to sell insurance and Conseco agreed in return to pay IFA. We accept this finding and concur in his view set out in his R&R --- that it would be impossible to find in favor of Plaintiffs on their Complaint without making a decision that would be contrary to the Indiana Judgment.

The Objections interposed by Plaintiffs, accordingly, are **overruled**. The Motion to Dismiss is **granted,** and Judgment of Dismissal with Prejudice shall **enter**.

IT IS SO ORDERED.

Date: 03/06/2014

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Steven Kenneth Huffer
S.K. HUFFER & ASSOCIATES, P.C.
steveh@hufferlaw.com

Kenneth Dale Sisco
SISCO & NARAMORE
skend1@yahoo.com